UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

IN RE:

PETITION OF LEON WILLIAMSON, SUZANNE SEDER AND WALTER BURNSIDE as titled owner of and for a 38' 1979 MORGAN hull identification number MRY22183M79L her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

        Petitioners. _____/

CASE NO.: 8:18cv1297 T 30 cpt

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioners, LEON WILLIAMSON, SUZANNE SEDER AND WALTER BURNSIDE (hereinafter "Petitioners"), as owners of a 38' 1979 MORGAN hull identification number MRY22183M79L, her engines, tackle, and appurtenances (the "Vessel"), file this Petition for Exoneration from and/or Limitation of Liability pursuant to § 30501 *et seq.* of Title 46 United States Code, Supplemental Rule F and Local Admiralty Rule F, and, in support thereof state as follows:

1. This is a claim within the admiralty and maritime jurisdiction of this Court, as hereinafter more fully appears.

2. Subject matter jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq.*

3. This is a claim within the admiralty and maritime jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. The events, acts and circumstances giving rise to this action allegedly occurred at or near the navigable waters of the United States, in Tampa Bay, Hillsborough County, Florida.

1

5. Petitioners seek exoneration pursuant to Supplemental Rule F(2) and, in alternative, seek to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 *et seq.*

6. At all times pertinent hereto, the Vessel was owned by the Petitioners at the time of the below described incident.

7. At all times material prior to the incident, Petitioners exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

8. At all times material hereto Petitioners were qualified, properly trained, and experienced in the use and operation of the Vessel.

9. On or about November 4, 2017, the Vessel is alleged to have been operated by Walter Burnside at or near Tampa Bay, Hillsborough County, Florida when one of the passenger onboard, William Skupowski fell over in the cabin and broke his arm. (the "Incident").

10. The Vessel is alleged to have been at or near navigable waters at the time of the Incident.

11. The Vessel was not physically damaged.

12. The Petitioners are the owner of the Vessel.

13. Petitioners were onboard the Vessel at the time of the alleged Incident and Petitioners' understanding is that the Vessel was not responsible for the Incident.

14. As a result of the alleged Incident, William Skupowski has, will or may make claim(s) for damages from Petitioners.

15. Petitioners are otherwise unaware of any other demands, written notices, actions or proceedings as a result of the Incident.

## COUNT I - EXONERATION

16. Petitioners reassert and re-allege each and every allegation set forth in paragraphs one (1) through fifteen (15) above as if more fully set forth at length herein.

17. At all times material prior to the alleged Incident, the Petitioners exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

18. The Vessel was, at all times relevant to the alleged Incident described herein, completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery.

19. Petitioners employed regular inspection practices to ensure the Vessel was properly equipped and outfitted at all times material to the subject Incident.

20. There was no negligence on the part of the Petitioners that caused or contributed to any alleged injury or loss or damage sustained by William Skupowski or any other potential claimant herein.

21. At all times material hereto, Petitioners exercised reasonable care under circumstances.

22. The Vessel at all times material to this action was reasonably manned, utilized and operated.

23. Pursuant to Supplemental Rule F, Petitioners allege they are entitled to exoneration as the damage sustained by William Skupowski or any other potential claim arising from the Incident was not the result of any fault or neglect attributable to Petitioners.

3

WHEREFORE, pursuant to the provisions of Supplemental Rule F(2), Petitioners must be exonerated from all fault and legal responsibility for said incident.

### COUNT II – LIMITATION OF LIABILITY

24. Petitioners reassert and re-allege each and every allegation set forth in paragraphs one (1) through twenty-three (23) above as if more fully set forth at length herein.

25. Pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioners, in the alternative, are entitled to limitation to the amount or value of the interest of said Petitioners in the Vessel following the Incident resulting in a fatality, personal injuries, and property damages or other potential claims arising from the Incident as the Incident occurred without the privity or knowledge of Petitioners within the meaning of 46 U.S.C. § 30505.

26. The Vessel was within the jurisdiction of this Court at the time of the Incident.

27. Petitioners aver the value of the Vessel at the time of the Incident is no more than Thirty Seven Thousand Dollars and Zero Cents ($37,000.00) as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs filed with this Court.

WHEREFORE, Petitioners pray:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any

nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d. This Honorable Court adjudge and decree:

   i. That Petitioners are not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

   ii. That if the Petitioners shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Petitioner of all further liability;

e. That Petitioners may have such other and further relief as this Court deems just and proper.

Dated: May 29, 2018.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Petitioners*
401 East Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400
Facsimile: (954) 332-3301

By: _____
Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com