UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

IN RE:

CASE NO.: 8:18-cv-1297-T-30CPT

PETITION OF LEON WILLIAMSON,
SUZANNE SEDER AND WALTER BURNSIDE
as titled owner of and for a 38' 1979 MORGAN
hull identification number MRY22183M79L
her engines, tackle, and appurtenances, for
Exoneration from or Limitation of Liability,

    Petitioners.
_____/

## UNOPPOSED MOTION TO STAY LIMITATION OF LIABILITY ACTION AND TO LIFT INJUNCTION RESTRAINING ACTIONS AGAINST PETITIONERS AND SUPPORTING MEMORANDUM OF LAW

COMES NOW the Claimant, WILLIAM SKUPOWSKI, and moves this Court to stay this limitation of liability action and to lift its injunction restraining actions against Petitioners, subsequent to this Court entering default judgment against all potential claimants who have not answered the Limitation Complaint to proceed against Petitioners outside the limitation proceedings to pursue their joint state court lawsuit.

## MEMORANDUM OF LAW

This limitation action arises from an incident which occurred on November 4, 2017, in which William Skupowski was injured while onboard a vessel owned by the Petitioners. The Petitioners filed this Limitation of Liability action on May 29, 2018, and this Court subsequently entered an injunction enjoining all suits, actions and legal proceedings against the Petitioners.

The Claimant is entitled to have the injunction lifted and the limitation action stayed to permit the Claimant to proceed against the Petitioners outside of the limitation proceedings provided that the Claimant enter into stipulations which preserve the Petitioners' right to litigate

all limitation issues in this Court and protect the Petitioners from liability in excess of the limitation fund should this Court determine that Petitioners is entitled to limit its liability. *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996), *cert. denied,* 520 U.S. 1275 (1997). As stated by the Eleventh Circuit Court of Appeals, "[t]his procedure protects the vessel owner's rights under the Limitation Act while allowing the damage claimants to pursue their common law remedies – a result consistent with the mandate of the savings to suitors clause." *Id.* at 1039.

In *Beiswenger,* one claimant was injured and another killed during a parasailing trip. *Id.* at 1034. The owner of the vessel filed a limitation of liability complaint seeking exoneration from or limitation of liability regarding any claims arising out of the parasailing incident. *Id.* The injured passenger and the estate of the deceased passenger filed claims in the limitation action. *Id.*

The Claimants eventually filed personal injury and wrongful death actions in Florida state court against the owner of the vessel and others. *Id.* at 1035. The Claimants filed a motion to stay the limitation proceeding and to lift the injunction accompanied by a stipulation designed to protect the limitation Petitioners's rights under the Limitation Act. The stipulations were amended in response to several deficiencies noted by the trial court. The trial court then stayed the limitation proceeding and lifted the injunction, allowing the claimants to proceed against the Petitioners in state court. *Id.* at 1036.

On appeal, the Eleventh Circuit addressed two primary issues:

> First, we address the viability in this circuit of the procedure which allows the damage claimants in a multiple-claims-inadequate-fund case to proceed against the vessel owner outside the admiralty court upon the filing of appropriate protective stipulations. Second, we address whether the amended stipulations filed by the damage claimants in this case adequately protect [the limitation Petitioners's] rights under the Limitation Act.

*Id.* at 1034.

As to the first issue, the Court held as follows:

> We are persuaded by the weight of authority in accepting the argument that multiple claimants may invoke the single claimant exception through appropriate stipulations. Every circuit court of appeals that has expressly addressed this argument has accepted it.

*Id.* at 1040. As to the second issue – the adequacy of the stipulations – the Court held that the claimants' stipulations "have converted this case into the functional equivalent of a single claim case." *Id.* at 1044.

The Claimant in this case has filed, along with this motion, the stipulations that were approved in *Beiswenger*. These stipulations are sufficient to protect the Petitioners' rights to litigating the limitation of liability issues in this Court.

WHEREFORE, Claimant, WILLIAM SKUPOWSKI, respectfully requests that this Court, once default judgment is entered against all potential claimants who have not answered the Limitation Complaint, stay the limitation of liability action and lift the injunction restraining actions against the Petitioners to permit the Claimant to proceed against the Petitioners outside the limitation proceeding for personal injury damages.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for the Claimant has consulted with counsel for the Petitioners. Petitioners do not oppose the relief requested in this motion.

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document has been served by electronic mail pursuant to Florida Rule of Judicial Administration 2.516 to: Charles S. Davant, Esquire, Davant Law, P.A., 401 East Las Olas Boulevard, Suite 1400, Fort Lauderdale, FL 33301 on this __8th__ day of November, 2018.

**SERVICE EMAIL:**
SERVICE@UITERWYKLAW.COM

ABRAHAMSON & UITERWYK
900 W. Platt Street
Tampa, FL 33606
Telephone: (813) 222-0500
Facsimile: (813) 221-4738
jpimenta@uiterwyklaw.com

/s/ *Justin W. Pimenta*

_____
JUSTIN W. PIMENTA, ESQUIRE
Florida Bar No.: 0619868