UNITED STATES DISTIRCT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

IN RE:

CASE NO.: 8:18-cv-1297-T-30CPT

PETITION OF LEON WILLIAMSON,
SUZANNE SEDER AND WALTER BURNSIDE
as titled owner of and for a 38' 1979 MORGAN
hull identification number MRY22183M79L
her engines, tackle, and appurtenances, for
Exoneration from or Limitation of Liability,

        Petitioners.
_____/

## **CLAIMANT STIPULATION**

The Claimant, WILLIAM SKUPOWSKI, by and through his undersigned counsel, and provided that this Court lifts its injunction and stays this action to permit the Claimant to proceed against the Petitioner outside the limitation proceedings and to pursue his lawsuit for personal injuries, stipulates to the following:

1. That the Petitioner has the right to litigate the issue of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. § 30501, in this Court, and this Court has exclusive jurisdiction to determine that issue.

2. That the Petitioner has the right to have this Court determine the value of the 38' 1979 MORGAN, hull identification number MRY22183M79L, immediately following the incident at issue, and that this Court has exclusive jurisdiction to determine the value of the limitation fund.

3. The Claimant will not seek a determination of the issues set forth in paragraphs 1 and 2 above in any forum outside this limitation proceeding and consent to waive any res judicata and issue preclusion effect the decisions, rulings, or judgments of any court outside these limitation proceedings might otherwise have on those issues.

4. That the Claimant will not seek to enforce any judgment rendered in any court, whether against the Petitioner or any other person or entity that could be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petitioner to liability in excess of the value of the limitation fund unless and until such time as this Court has denied the Petitioner's right to limit its liability. If this Court grants the Limitation Complaint, Claimant will not seek to enforce any judgment that would require the Petitioner to pay damages in excess of the limitation fund.

5. That in the event this Court determines that the Petitioner is entitled to limit its liability, the Claimant agrees that any claim based upon fees and/or costs awarded against Petitioner and in favor of any party in any court proceeding will have first priority against the available fund.

6. That in the event this Court determines that the Petitioner is entitled to limit its liability, the Claimant agrees that, following payment of the claim, if any, described in paragraph 5 above, the claim of WILLIAM SKUPOWSKI shall have second priority against the limitation fund.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __8th__ day of November, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Charles S. Davant, Esquire, Davant Law, P.A., 401 East Las Olas Boulevard, Suite 1400, Fort Lauderdale, FL 33301.

ABRAHAMSON & UITERWYK
900 W. Platt Street
Tampa, FL 33606
Telephone: (813) 222-0500
Facsimile: (813) 221-4738
jpimenta@uiterwyklaw.com

/s/ *Justin W. Pimenta*
_____
JUSTIN W. PIMENTA, ESQUIRE
Florida Bar No.: 0619868